IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Ghores Enterpriese, Inc., Ghores Consturction,
Inc., Ghores Properties, LLC, and Northwest
Stucco and Construction, Inc.,

        Plaintiffs,

vs.

Sean Gores Construction Inc., Muneer "Sean"
Gores, fka Muneer "Sean" Ghores, and Deborah N.
Gores, fka Debroah N. Gores,

        Defendants.

Muneer "Sean" Gores, fka Muneer "Sean Ghores,

        Counterclaim Plaintiff,

vs.

Ghores Enterprises Inc., Ghores Construction, Inc.,
Northwest Stucco and Construction, Inc., and
Ghores Properties, LLC,

        Counterclaim Defendants,

and

CV-07-490-ST

OPINION AND ORDER

1 - OPINION AND ORDER

Edwar Ghores and Haneree Ghores,

        Additional Counterclaim Defendants.

STEWART, Magistrate Judge:

## INTRODUCTION

Plaintiffs move this court to issue a protective order quashing subpoenas issued by defendants to financial institutions with whom individual plaintiffs and counterclaim defendants Edwar and Hanree Ghores and their families have personal financial accounts (docket # 19). In addition, plaintiffs seek an order quashing a subpoena issued to an individual, Tammy Norton ("Norton"), who is plaintiffs' former client. For the reasons set forth below, this motion is granted.

## BACKGROUND

On September 12, 2007, counsel for defendant issued subpoenas to U.S. Bank, Wells Fargo Bank, Morgan Stanley, Clint Coleman/Edward Jones Investment (collectively "financial institutions"), and Norton.[1] Five days later plaintiffs filed this motion to quash these subpoenas and defendants followed with a motion to compel the production of, among other things, the same information sought *via* their subpoenas. After full briefing was complete the parties appeared before this court for oral argument on October 10, 2007. This court has issued a separate Order on defendant's motion to compel.

---

[1] More specifically the subpoenas were addressed as follows: Records Custodian, U.S. Bank, 900 SW Sixth Avenue, Portland, OR 97204; Records Custodian, Wells Fargo Bank, 1300 SW Fifth Avenue, Portland, OR 97201; Records Custodian, Morgan Stanley, 1001 SW Fifth Avenue, Suite 2200, Portland, OR 97204; Clint Coleman, Edward Jones Investments, 1664 Willamette Falls Drive, West Linn, OR 97068; Tammy Norton, 2116 NW Good Drive, Camas, WA 98607.

# DISCUSSION

I. <u>**Records of Financial Institutions**</u>

Defendants seek full disclosure of all financial documents for accounts owned by counterclaim defendants Edwar and Hanree Ghores ("Edwar" and "Hanree") and their spouses Denice and Kathie Ghores. According to plaintiffs, this personal financial information is necessary in order to prove their allegations that "Edwar and Hanree essentially liquidated the Ghores Companies and took the cash for themselves without properly accounting for all of it." Plaintiffs object to the production of this information on the ground that the records are not relevant and are unlikely to lead to the discovery of admissible evidence. Furthermore, plaintiffs claim that the companies' books and records already produced to defendants "tell the entire story of what money came in and what money went out," and that "[d]efendants served their subpoenas before even looking at the companies' records." At oral argument, defendants admitted that they had not yet reviewed the companies' financial statements to identify any areas of concern, but countered that the kinds of self-dealing they suspect of plaintiffs could be easily concealed by cash-only transactions or accounting tricks.

FRCP 26(c) permits this court to grant a protective order if the movant: (a) certifies that it has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute, and have been unable to do so; and (b) "good cause" is shown for the protective order. Because the parties have conferred concerning this dispute, the issue is whether plaintiffs have shown sufficient good cause. The court's discretion in fashioning such discovery orders is broad. *Osband v. Woodford*, 290 F3d 1036, 1042 (9th Cir 2002).

Given the highly personal nature of the documents at issue, this court is not inclined to compel their production merely on the basis of defendants' unsupported suspicions. At oral argument, defendants admitted that they had not yet reviewed the financial documents provided to them by plaintiffs to determine whether any anomalies or areas of concern require further investigation. They also have not taken the depositions of the individuals to determine whether they will deny allegations that they took payment for certain transactions on a cash-only basis or committed any other improprieties that could be revealed through their personal financial records.

Other than their bald allegation, defendants have presented no support for concluding that their discovery requests will produce evidence that either is admissible at trial or will lead to the discovery of admissible evidence at trial as required by FRCP 26(b)(1). However, it is certain that the documents produced in response to their subpoenas will be of a highly personal nature and include information far beyond the scope relevant to plaintiffs' allegations. In light of the early stage of discovery and the lack of specificity of defendants' allegations, this court will not permit the defendants to use the broad discovery tool they seek. However, this court does not foreclose defendants from later seeking similar information based on a sufficient showing of relevancy.

## II. Discovery from Norton

For similar reasons, the subpoena to Norton must also be quashed. Norton is a former customer of Ghores Construction, Inc. with whom defendants allege Hanree had an inappropriate relationship. Although defendants initially contended that the requested information would "be important for establishing the brothers' roles in the companies and how each of them contributed

to, or detracted from, the companies success," they later clarified that the real issue was Hanree's alleged personal relationship with Norton. According to defendants, it was partially due to Hanree's treatment of Norton that Sean Gores ultimately parted ways with his brothers.

This motion is premature as neither defendants' nor plaintiffs' counsel had yet questioned Hanree or Norton concerning the nature of their relationship. To begin with, any impropriety committed by Hanree with respect to Norton is relevant only insofar as it supports defendants' claim that Sean Gores left the companies in part to his belief that his brother's behavior with this customer was inappropriate. Defendants do not need independent confirmation of the relationship to show Sean Gores' state of mind. Evidence of a relationship between Hanree and Norton would, however, be relevant as impeachment evidence were Norton and Hanree to deny any improper relationship between them. As neither of these witnesses have been questioned concerning this issue, the subpoena to Norton is premature.

## **ORDER**

For the reasons set forth above, it is hereby ORDERED that the subpoenas issued by defendants to U.S. Bank, Wells Fargo Bank, Morgan Stanley, Clint Coleman/Edward Jones Investment and Tammy Norton are QUASHED.

DATED this 10th day of October, 2007.

_____
Janice M. Stewart
United States Magistrate Judge